

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# Johnson v. Lehman

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2683

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Johnson v. Lehman" (2008). *2008 Decisions.* Paper 401.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/401

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2683
_____

RONALD JOHNSON,

Appellant

v.

JOSEPH D. LEHMAN; THE ATTORNEY GENERAL OF PENNSYLVANIA; THE
DISTRICT ATTORNEY OF PHILADELPHIA COUNTY,

Appellees

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 94-cv-07583)
District Judge: Honorable Norma L. Shapiro
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 12, 2008
_____

Before: SLOVITER, FUENTES and ALDISERT, Circuit Judges

(Filed October 7, 2008 )
_____

OPINION
_____

ALDISERT, Circuit Judge

Ronald Johnson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, contending that the assistance of his counsel was ineffective during his Commonwealth of Pennsylvania murder trial, at which Johnson was convicted of murder of the first degree, criminal conspiracy and possession of an instrument of crime.

Specifically, Johnson argues that his trial attorney failed to conduct a reasonable investigation and failed to present the testimony of two witnesses who would have corroborated Johnson's alibi defense. A Magistrate Judge issued a report recommending denial and dismissal of Johnson's petition, determining that although Johnson's trial counsel representation was deficient, trial counsel's performance was not prejudicial to Johnson because a reasonable jury would not have determined that he was not guilty, even with the supporting testimony of the two uncalled witnesses. The District Court approved and adopted the Magistrate Judge's report and recommendation, as supplemented by its memorandum, and issued an order denying and dismissing Johnson's petition. For the following reasons, we will affirm the District Court's order.

I.

Because we write solely for the parties who are familiar with the facts and proceedings in the District Court, we need only briefly recite the facts. The testimony at trial established that the victim, Joseph Goldsby, who was selling crack cocaine, was shot and killed on March 1, 1990. Johnson approached the victim's car with an unknown male and female and engaged the victim in drug-related conversation. Two eyewitnesses to the

incident, Darryl Alexander and Mark Jackson, testified that they knew Johnson and detailed his involvement in the murder. Jackson also testified that Johnson approached him several days after the murder and told him to "be careful what you say."

Johnson testified and called Richard Duncan as a witness to establish an alibi defense. Johnson and Duncan testified that they were away from the scene of the crime, that they were in a car getting high on narcotics and were unaware of Goldsby's murder until they were so advised by a man named James Smith, also known as "Seed."

Robin Johnson and Derrick Holmes, two additional witnesses present at the scene of the murder, gave statements to the police shortly after the date of the crime. Appellant Johnson's trial counsel reviewed these statements, but did not interview Robin Johnson or Holmes and did not call them as witnesses at trial. The crux of Johnson's ineffective assistance of counsel claim is that the testimony of Robin Johnson and Holmes would have supported his alibi defense, and that it was unreasonable and prejudicial for Johnson's trial counsel to fail to interview and call these two witnesses after reviewing their police statements.

We are to decide the sole issue of whether Johnson was denied competent counsel guaranteed by the Sixth Amendment because his lawyer failed to interview or call Derrick Holmes and Robin Johnson, two eyewitnesses who would have supported Johnson's alibi

3

defense at his murder trial. [1]

## II.

In Strickland v. Washington, 466 U.S. 668 (1984), the Court set forth a two-prong test that a petitioner must satisfy before a court will find that counsel did not provide effective assistance. Under Strickland, a petitioner must show (1) that his attorney's representation fell below an objective standard of reasonableness; and (2) that there exists a reasonable probability that, barring counsel's ineffectiveness, the result of the proceeding would have been different. Id. at 687.

The Magistrate Judge and the District Court determined that a reasonable jury would not have determined that Johnson was not guilty, even with the supporting testimony of Robin Johnson and Derrick Holmes. We agree. Even if Johnson's trial counsel fell below an objective standard of reasonableness, his deficiency did not prejudice Johnson. Id.

To satisfy the second prong of the Strickland test, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding

---

[1] The District Court had jurisdiction under 28 U.S.C. § 2254. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253. Johnson's federal habeas petition was pending prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so this case must be decided by the law as it existed before AEDPA became effective. See Lindh v. Murphy, 521 U.S. 320, 322-323 (1997); Buehl v. Vaughn, 166 F.3d 163, 169 (3d Cir. 1999). Under pre-AEDPA law, ineffective assistance of counsel claims present mixed questions of law and fact. Buehl, 166 F.3d at 169. State court findings of fact are presumed correct if they are fairly supported by the record, but whether counsel was effective is subject to *de novo* review. Id.

would have been different. Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the proceeding. Id. The Magistrate Judge noted that the evidence against Johnson was not overwhelming, because the testimony of the Commonwealth's two main eyewitnesses, Darryl Alexander and Mark Jackson, was contradicted by their earlier police statements that they could not identify the culprits in the victim's shooting. But Johnson's alibi was not fully credible either. Although the testimony of Robin Johnson and Derrick Holmes would have furnished some support of Johnson's alibi defense, we agree with the District Court that there is no reasonable probability that their testimony would have created a reasonable doubt in the minds of the jurors. Two eyewitnesses to the incident–Alexander and Jackson–testified that they knew Johnson and described in specific detail Johnson's involvement in the murder.

Neither Robin Johnson nor Derrick Holmes were eyewitnesses to the shooting. Neither provided Johnson with an affirmative alibi, as did Duncan, the defense witness called at trial. Rather, the testimony of Holmes and Robin Johnson merely would have established that they did not see Johnson while they were present buying drugs. At trial, the Commonwealth came forth with eyewitnesses to the killing who specifically saw Johnson standing outside the victim's car in the process of attempting to fire his gun at the victim. No witnesses came forward to allege that the person attempting to fire his gun in this matter was someone other than Johnson. At best, the testimony of Holmes and Robin Johnson would show that they did not see Johnson in the brief time they were

5

there. In view of the detailed eyewitness testimony to the crime presented at trial, such testimony does not create a reasonable probability that the jury would have doubted its guilty verdict.

******

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

The judgment of the District Court will be affirmed.